IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DALE ARMSTRONG, | No. C 05-0935 WHA (PR) |
| Petitioner, | **ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS** |
| vs. | |
| A. P. KANE, Warden, et al., | |
| Respondents. | |

This is a habeas corpus case filed by a state prisoner pursuant to 28 U.S.C. 2254. The petition is directed to denial of parole.

The court ordered respondent to show cause why the writ should not be granted. Respondent has filed an answer and a memorandum of points and authorities in support of it, and has lodged exhibits with the court. Petitioner has not filed a traverse. For the reasons set forth below, the petition is **DENIED**.

## DISCUSSION

**A.   STANDARD OF REVIEW**

A district court may not grant a petition challenging a state conviction or sentence on the basis of a claim that was reviewed on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable

1 determination of the facts in light of the evidence presented in the State court proceeding." 28
2 U.S.C. § 2254(d).  The first prong applies both to questions of law and to mixed questions of
3 law and fact, *Williams (Terry) v. Taylor*, 529 U.S. 362, 407-09 (2000), while the second prong
4 applies to decisions based on factual determinations, *Miller-El v. Cockrell*, 537 U.S. 322, 340
5 (2003).

6 A state court decision is "contrary to" Supreme Court authority, that is, falls under the
7 first clause of § 2254(d)(1), only if "the state court arrives at a conclusion opposite to that
8 reached by [the Supreme] Court on a question of law or if the state court decides a case
9 differently than [the Supreme] Court has on a set of materially indistinguishable facts."
10 *Williams (Terry)*, 529 U.S. at 412-13.  A state court decision is an "unreasonable application of"
11 Supreme Court authority, falls under the second clause of § 2254(d)(1), if it correctly identifies
12 the governing legal principle from the Supreme Court's decisions but "unreasonably applies
13 that principle to the facts of the prisoner's case."  *Id.* at 413.  The federal court on habeas
14 review may not issue the writ "simply because that court concludes in its independent judgment
15 that the relevant state-court decision applied clearly established federal law erroneously or
16 incorrectly."  *Id.* at 411.  Rather, the application must be "objectively unreasonable" to support
17 granting the writ.  *See id.* at 409.

18 "Factual determinations by state courts are presumed correct absent clear and
19 convincing eevidence to the contrary."  *Miller-El*, 537 U.S. at 340.  This presumption is not
20 altered by the fact that the finding was made by a state court of appeals, rather than by a state
21 trial court.  *Sumner v. Mata*, 449 U.S. 539, 546-47 (1981); *Bragg v. Galaza*, 242 F.3d 1082,
22 1087 (9th Cir.), *amended*, 253 F.3d 1150 (9th Cir. 2001).  A petitioner must present clear and
23 convincing evidence to overcome § 2254(e)(1)'s presumption of correctness; conclusory
24 assertions will not do.  *Id.*

25 Under 28 U.S.C. § 2254(d)(2), a state court decision "based on a factual determination
26 will not be overturned on factual grounds unless objectively unreasonable in light of the
27 evidence presented in the state-court proceeding."  *Miller-El*, 537 U.S. at 340; *see also Torres
28 v. Prunty*, 223 F.3d 1103, 1107 (9th Cir. 2000).

When there is no reasoned opinion from the highest state court to consider the petitioner's claims, the court looks to the last reasoned opinion. *See Ylst v. Nunnemaker*, 501 U.S. 797, 801-06 (1991); *Shackleford v. Hubbard*, 234 F.3d 1072, 1079, n. 2 (9th Cir.2000).

**B.   ISSUES PRESENTED**

Petitioner was convicted of murder in 1977. He received a sentence of seven years to life in prison. In 2003 he was denied parole for the fourteenth time; it is the parole decision he challenges here. He alleges that he has exhausted these claims by way of state habeas petitions

Petitioner contends that (1) his due process rights were denied when the Board denied parole for the fourteenth time based on the circumstances of his crime; and (2) the governor is collaterally estopped from exercising his authority to deny parole when there was not some evidence that petitioner is a current threat to society, so it would violate petitioner's due process and equal protection rights to remand this case for his consideration.

Among other things, respondent contends that California prisoner have no liberty interest in parole and that if they do, the only due process protections available are a right to be heard and a right to be informed of the basis for the denial – that is, respondent contends there is no due process right to have the result supported by sufficient evidence. Because these contentions go to whether petitioner has any due process rights at all in connection with parole, and if he does, what those rights are, they will addressed first.

**1.   RESPONDENT'S CONTENTIONS**

The Fourteenth Amendment provides that no state may "deprive any person of life, liberty, or property, without due process of law." U.S. Const., amend. XIV, § 1.

**a.   LIBERTY INTEREST**

Respondent contends that California prisoners have no liberty interest in parole. Respondent is incorrect that *Sandin v. Conner*, 515 U.S. 472 (1995), applies to parole decisions, *see Biggs v. Terhune*, 334 F.3d 910, 914 (9th Cir. 2003) (*Sandin* "does not affect the creation of liberty interests in parole under *Greenholtz* and *Allen*."), and, applying the correct analysis, the California parole statute does create a liberty interest protected by due process, *see Sass v. California Bd. of Prison Terms*, 461 F.3d 1123, 1125 (9th Cir. 2006); *McQuillion v. Duncan*,

3

306 F.3d 895, 902 (9th Cir. 2002) ("California's parole scheme gives rise to a cognizable liberty interest in release on parole."). Respondent's claim to the contrary is without merit.

### b. DUE-PROCESS PROTECTIONS

Respondent contends that even if California prisoners do have a liberty interest in parole, the due process protections to which they are entitled by clearly-established Supreme Court authority are limited to notice, an opportunity to be heard, and a statement of reasons for denial. That is, he contends there is no due process right to have the decision supported by "some evidence." This position, however, has been rejected by the Ninth Circuit, which has held that the Supreme Court has clearly established that a parole board's decision deprives a prisoner of due process if the board's decision is not supported by "some evidence in the record", or is "otherwise arbitrary." *Irons v. Carey*, 479 F.3d 658, 662 (9th Cir. 2007) (applying "some evidence" standard used for disciplinary hearings as outlined in *Superintendent v. Hill*, 472 U.S. 445-455 (1985)); *McQuillion*, 306 F.3d at 904 (same). The evidence underlying the Board's decision must also have "some indicia of reliability." *McQuillion*, 306 F.3d at 904; *Biggs*, 334 F.3d at 915. The some evidence standard identified in *Hill* is clearly established federal law in the parole context for purposes of § 2254(d). *See Sass*, 461 F.3d at 1128-1129.

### 2. PETITIONER'S CLAIMS

### a. DUE PROCESS

Petitioner contends that denial of parole was based on the circumstances of his offense, and that basing on that ground for the fourteenth time was a violation of due process. Because due process requires that there be at least "some evidence" to support the decision, as discussed above, the constitutional question is whether there was "some evidence."

As discussed above, due process requires that a parole denial be supported by at least "some evidence." *Irons*, 479 F.3d at 662. Ascertaining whether the some evidence standard is met "does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455; *Sass*, 461 F.3d 1123 at 1128. The some evidence standard is

minimal, and assures that "the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary." *Sass*, 461 F.3d at 1129 (quoting *Hill*, 472 U.S. at 457).

In this case the denial was not based just on the circumstances of the crime, though that was one basis for the denial, but also on matters subsequent to the crime, most significantly petitioner's having received a CDCR 115 serious rule violation report subsequent to his last parole hearing (exh. 4 at 88). Although petitioner maintains that the murder was an accident, there were facts in the record to support the Board's conclusion that the offense occurred when petitioner carried out an execution-style murder of a woman with whom he had a sexual relationship, having left her and then returned to murder her in the house where her ten-year-old son was present (exh. 4 at 86-87; exh. 2 at 1-2). Given the length of time petitioner has served, the circumstances of the crime might have been of little value if it were not for the rule violation report, but the combination of the circumstances of the offense and petitioner's backsliding by getting a misconduct report are sufficient to support the denial.

Because there was no constitutional violation, the state courts' denial of this claim was not contrary to, or an unreasonable application of, clearly established Supreme Court authority.

### 2. GOVERNOR'S REVIEW

Petitioner's second issue is a contention that if this Court were to conclude that there was not "some evidence" to support the Board's denial, the case should not be "remanded" to the governor for his consideration. The predicate for this argument has not been established – the Court concludes above that there was some evidence – and in any case this is not a separate basis for relief, so this contention need not be considered.

### CONCLUSION

The petition for a writ of habeas corpus is **DENIED**. The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: March   20  , 2008.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\HC.05\ARMSTRONG935.RUL.wpd